**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2143-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARCELO A. COSMA,

    Defendant-Appellant.

_____

Submitted February 6, 2024 – Decided July 10, 2024

Before Judges Sumners and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-09-2668.

Marcelo A. Cosma, appellant pro se.

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Braden Couch, Special Deputy Attorney General/ Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Marcello Cosma, appeals from the order of the trial court denying his motion to correct an illegal sentence pursuant to Rule 3:21-10(b). We affirm.

Defendant pled guilty to striking his wife in the head with a hammer. After his plea, defendant was convicted of second-degree aggravated assault, N.J.S.A. 2C:11-3(a)(1). At his plea hearing, the State recommended that his sentence not exceed ten years with eighty-five percent parole eligibility pursuant to N.J.S.A. 2C:43-7.2. At the plea colloquy, defendant specifically acknowledged his maximum exposure. The record shows defendant reviewed his plea form with counsel and that he had no questions about it. The court specifically asked defendant whether he understood that he could receive up to ten years in prison. Defendant testified yes. He also testified that he understood that he would have to serve eighty-five percent of his sentence before becoming eligible for parole.

During his allocution, defendant answered in the affirmative when counsel asked whether he took a hammer and struck his wife in the head while they were in their bedroom. Defendant next answered "yes" when the court asked him whether it was his intent to cause his wife serious bodily injury by striking her in the back of the head. The question was posed because the State challenged

defendant's colloquy, doubting whether intent had been proven. Defendant testified he was satisfied with his counsel's representation and asked the court to accept his guilty plea. On May 8, 2018, the trial court sentenced defendant to a nine-year term of incarceration, subject to N.J.S.A. 2C:43-7.2.

On direct appeal, defendant challenged his sentence as excessive. On October 22, 2019, we affirmed but then remanded to amend the judgment of conviction (JOC). State v. Cosma, No. A-005341-17 (App. Div. October 22, 2019). The trial court amended the JOC, which is not relevant here.

Defendant then moved to "correct" the sentence as "illegal," seeking a reduction of the charge that he pled to from a second-degree aggravated assault to a third or fourth-degree assault. At the motion, he argued: his wife did not sustain "bodily injury" sufficient to warrant a finding of second-degree aggravated assault; and the record did not show defendant had the requisite "intent" to commit such a crime. On February 22, 2023, the trial court denied the motion. Defendant now raises the same two issues on appeal.

Defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed in the concise and cogent written opinion of Judge John I. Gizzo. We add the following brief comment.

The record contains ample evidence to support a finding of serious bodily injury. Officers who responded to the assault scene reported observing a pool of blood in the bedroom where defendant admitted striking his wife in the back of her head with a hammer. Finally, we are not persuaded by defendant's argument that we should ignore his sworn testimony. He testified at his plea hearing that he intended to cause serious bodily injury to his wife when he struck her.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

A-2143-22